UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TROY LAMAR JAYNES,<br><br>                     Plaintiff,<br><br>v.<br><br>QUIROS, *et. al.*,<br><br>                     Defendants. | Civil No. 3:24-cv-00267 (OAW) |

**ORDER ON MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff Troy Lamar Jayne, an inmate in the custody of the Department of Correction at Garner Correctional Institution, filed a complaint against Commissioner Quiros, Deputy Warden John Doe, Warden Doe, Unit Manager Doe, and Dr. Lavetta. ECF No. 1. Plaintiff has filed a motion to proceed *in forma pauperis* to commence this action without pre-paying the $402 filing fee. *See* ECF No. 2. Upon review, the court concludes that Plaintiff's motion to proceed *in forma pauperis* must be **DENIED.**

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection, the so-called "three strikes" provision:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

Before initiating this action, Plaintiff had filed more than three cases dismissed for failure to state a claim. *Jaynes v. New Haven Police Dept*, 3:07-547(RNC) (dismissed May 29, 2007), *Jaynes v. Superior Court*, 3:07-1051(AVC) (dismissed July 18, 2007), *Jaynes v. Quiros*, 3:21cv657(VLB) (dismissed October 2, 2021*), Jaynes v. Sweeney*, 3:21cv1464 (VAB) (dismissed July 1, 2022).  Thus, this case is subject to the restrictions of Section 1915(g), and Plaintiff may not bring this action without paying the filing fee absent allegations of "imminent danger of serious physical injury."  *See Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009).

"[T]he complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Id.* at 298.  Whether such a nexus exists depends on whether (1) "the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to the unlawful conduct asserted in the complaint," and (2) "a favorable judicial outcome would redress that injury." *Id.* at 298–99.  In addition, the danger of imminent harm must be present at the time the prisoner files his or her complaint. *See id.* at 296; *Akassy v. Hardy*, 887 F.3d 91, 96–97 (2d Cir. 2018).

The court reviews the allegations in the complaint to consider whether the imminent danger exception applies.  *See Abreu v. Farley*, 415 F. Supp. 3d 342, 345 (W.D.N.Y. 2019).  In his complaint, Plaintiff claims that he never eats "salt or sugar because it is bad for [his] health," that his "grandparents were born diabetics," even having "their legs amputated before they died,"  and that he has informed a doctor and the deputy warden that he has "lost []35 pounds from 280 pounds and [his] last meal of the day is at

2

5pm dinner." ECF No. 1, at 1.  Plaintiff allegedly suffers from "thyroid and blood sugar" and is not "H.C.V. nor [is he] H.I.V. positive."  *Id.*  He complains that "money from [his] account is being over deducted . . . and to the best of [his] recollection [his] funds are being stolen."  *Id.*  He asserts further that the doctor "offered [him] a low calorie diet" and "refused to give [him] a 1-8 oz cup of peanut butter only until [he] receive[s his] 1st order of food from commissary."  *Id.* at 2.  Plaintiff alleges that the doctor is prejudiced as he "only assists inmates of his own ethnic history" and "refuse[d] to test [Plaintiff's] blood for all contagious diseases."  *Id.*

He states that an African-American nurse withdrew two tubes of blood from him and negligently labelled the tubes with her own handwriting that someone could smudge in the future.  He asserts that "[a]ll the thyroid and blood sugar pills are always missing and I don't take the pills never."  *Id.*  Plaintiff states that he is "not a diabetic" and has "never had covid."  He represents that providing him with an eight-ounce cup of peanut butter will resolve this matter.  *Id.* at 3.

Plaintiff mentions many medical issues in his complaint.  He acknowledges he does not have Hepatitis C (HCV), HIV, or diabetes.  He makes some indication that he has a thyroid condition but fails to allege that his health is at risk if he does not have access to thyroid medication.  Nor has he alleged facts suggesting that he is in any serious physical danger due to the doctor's refusal to provide him peanut butter and a blood test.  His concern about someone smudging the handwritten labels for his blood samples is entirely speculative.  In sum, no allegations suggest that Plaintiff faces any imminent danger of serious physical injury.  Thus, Plaintiff is not entitled to proceed *in*

3

*forma pauperis* because he is not "under imminent danger of serious physical injury" within the meaning of Section 1915(g).

Accordingly, Plaintiff's motion to proceed *in forma pauperis,* ECF No. 2, hereby is **DENIED.**  Plaintiff shall pay the filing fee on or before **October 25, 2024.**  Failure to do so will result in dismissal of this action.  The court notes that if Plaintiff does pay the filing fee, then his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  Plaintiff's Motions to Appoint Counsel, ECF Nos. 5 and 11, hereby are **DENIED without prejudice** to renewal should any of his claims go forward.

**IT IS SO ORDERED** at Hartford, Connecticut, this 25th day of September, 2024

/s/
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE